Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste. 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

**DANA MONAHAN,**

          Plaintiff,

  vs.

**ASSET ACCEPTANCE, LLC, and
HARRINGTON, ANDERSON &
DEBLASIO, LLC,**

        Defendants.

Case No.: 6:16-cv-249

**COMPLAINT;**

FAIR DEBT COLLECTION PRACTICES
ACT (15 U.S.C. § 1692a, *et seq.*);

DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.     This is an action for damages brought by an individual consumer for

Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

*et seq.* (hereinafter "FDCPA").

## II.  JURISDICTION

2.     Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. §

1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III.  PARTIES

3.    Plaintiff, Dana Monahan, ("Plaintiff"), is a natural person residing in Douglas County, Oregon.

4.    Defendant, Asset Acceptance, LLC ("Defendant Asset"), is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant Asset regularly attempts to collect debts alleged due another.

5.    Defendant, Harrington, Anderson, & DeBlasio, LLC ("Defendant HAD"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant HAD regularly attempts to collect debts alleged due another.

### IV.  FACTUAL ALLEGATIONS

6.    Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8.    All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

9.    Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

10.    Falsely representing the amount, character, or legal status of any debt, including Defendant Asset continuing to try to collect a debt that had been settled in full already through its representative, Defendant HAD (§ 1692e(2)(A)).

11.     Using false representations or deceptive practices in connection with collection of a debt, including Defendant HAD either: (1) falsely representing to Plaintiff that it had authority to settle a debt; or (2) failing to report to Defendant Asset Acceptance that Plaintiff had settled the debt in full, resulting in Asset's continued collection on a judgment and an unlawful garnishment.  Defendant HAD came to a settlement agreement with Plaintiff in 2013 to make monthly payments ending in December, 2013, to settle the debt in full.  In December, Plaintiff called HAD to confirm that her payment for that month completed the settlement arrangement and that the debt would be settled in full with that last payment.  HAD's representative confirmed this and Plaintiff made her last payment. Later, another law firm garnished Plaintiff for amounts remaining on the judgment that was settled in full.  Although HAD's failure to relay the fact of the settlement to Asset Acceptance would have happened more than 1 year ago, Plaintiff did not learn about Defendant's failure and could not have until October, 2015, when she was garnished by Asset's new attorney, Suttell Hammer & White (§ 1692e(10); 1692f; 1692f(1)).

12.     As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.     Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14.     Defendants' actions, detailed above, were undertaken with extraordinary

disregard of, or indifference to, known or highly probable risks to purported debtors.

15.     To the extent Defendants' actions, detailed in paragraphs above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiff reincorporates by reference all of the preceding paragraphs.

17.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.     Declaratory judgment that Defendants' conduct violated the FDCPA;

B.     Actual damages pursuant to 15 U.S.C. 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.     For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


Dated this 10th day of February, 2016


By:__s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste. 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff